UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>HUGO DIAZ, *et al*<br>Defendant. | CASE NO. 2:24-cr-112<br><br>JUDGE SARAH D. MORRISON |

## MOTION FOR STAY AND REVOCATION OF RELEASE ORDER

***Background.*** On July 30, 2024, a Grand Jury in this District returned an Indictment charging Defendant Hugo Diaz, with conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(a)(1)(A)(vi). (*See* ECF No. 6.) On August 20, 2024, Defendant was arrested in southern California pursuant to the warrant issued in this case. On August 21, Defendant had an initial appearance in Los Angeles. (*See* Case No. 2:24-mj-05022 (C.D. Cali.).) At that time, the Magistrate Judge in Los Angeles ordered the Defendant released on a surety bond. The Magistrate Judge did grant the Government's request to stay the release order until 4:00pm on August 23, to allow the Government time to file the instant Motion. The United States seeks an order that revokes the Magistrate Judge's release order and requires that Defendant be detained pending trial. Pending consideration of the Government's request, the United States also moves the Court for an order instituting a further stay of the Magistrate Judge's release order.

***The Government's Motion: The Defendant Should Be Detained Pending Trial.*** This Court reviews a magistrate judge's detention order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000). Judicial officers must order pretrial detention upon a finding

1

that no condition or combination of conditions of release will reasonably assure either the defendant's appearance or the safety of the community. 18 U.S.C. § 3142(e). Judges shall consider several factors in making this determination, including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to the community that the defendant's release would pose. *Id.* § 3142(g); *Yamini*, 91 F. Supp. 2d at 1126–27. Moreover, and notable in this case, a grand jury indictment is sufficient to establish probable cause to believe that a person has committed the crime specified in the indictment. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

There is no condition or combination of conditions of release that will reasonably assure the safety of the community. Defendant is charged in a drug-trafficking conspiracy that includes an amount of fentanyl sufficient to trigger a mandatory-minimum term of imprisonment of at least 10 years. (*See* ECF No. 6). Therefore, a presumption in favor of detention exists in this case. *See* 18 U.S.C. § 3142(e)(3)(a). This statutory presumption "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). To the Government's knowledge, the Defendant has not put forth evidence to rebut that presumption. That is enough to order the Defendant detained. *See United States v. Crumpler*, No. 20-3270, 2020 U.S. App. LEXIS 20193, at *2 (6th Cir. June 26, 2020) (noting that "the defendant must produce evidence that she is neither a danger to the community nor a flight risk"); *United States v. Hernandez*, No. 1:02-CR-006, 2002 U.S. Dist. LEXIS 26904, at *5 (E.D. Tenn. Feb. 27, 2002) (explaining that defendant bears the burden of producing "probative, credible evidence" to rebut the presumption in favor of detention); *see also United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (even if the

defendant satisfies burden of production, presumption in favor of detention "remains a factor to be considered among those weighed by the district court").

The circumstances of this case further compel detention. Since September 2023, Defendant has been mailing parcels containing fentanyl from various United States post offices in southern California to co-conspirators in central Ohio. Thus far, law enforcement has identified approximately 31 parcels connected to Defendant's drug trafficking organization ("DTO") that have been shipped from Long Beach, San Pedro, and Carson, California to addresses in Columbus, Ohio. Defendant is on video mailing eight of said parcels himself. Additionally, Defendant's fingerprints have been located inside at least one parcel found to contain fentanyl. Based on interdiction and seizure of several of the packages connected to the DTO, including those directly mailed by Defendant, each parcel is believed to contain one half to one kilogram of fentanyl. Thus, Defendant himself has mailed at least four to eight kilograms of fentanyl to Columbus for distribution. Based on forensic analysis of local co-conspirators' devices, the United States has identified that the DTO has direct ties to an individual in Mexico, with likely cartel ties.

Other than funneling the most dangerous narcotic available into the local community from across the country, Defendant has absolutely no ties to central Ohio. Yet, as noted above, Defendant does have ties to drug traffickers over the border in Mexico. Moreover, according to the Pretrial Services Report prepared in the Central District of California, Defendant also has "extended family residing in Mexico" and last travelled to Mexico in May. Additionally, Defendant has a 2019 conviction related to smuggling aliens into the United States.

In short, there is a presumption in favor of detention. Defendant has not, to the Government's knowledge, rebutted that presumption. The Defendant is a large-scale narcotics

trafficker with ties to Mexico and no ties to central Ohio. He remains a danger to the community, a risk of flight, and he should be detained pending trial.

*The Government's Motion: Ordering a Stay of the Defendant's Release.* As argued above, the Government believes Defendant to be a danger to the community and a flight risk, and that he should therefore be detained pending trial. In order to give the Court time to consider the instant request, the Government seeks an order from this Court staying the release order of the Magistrate Judge in Los Angeles until a final decision is made by this Court on the issue of detention.

Respectfully submitted,

KENNETH PARKER
United States Attorney


s/ *Nicole Pakiz*
NICOLE PAKIZ (0096242)
JENNIFER M. RAUSCH (0075138)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail: Jennifer.Rausch@usdoj.gov
E-Mail: Nicole.Pakiz@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion for Stay and Revocation of Release Order was served on attorney for Defendant, Lisa Shinar Labarre, on August 22, 2024, via e-mail.

*s/Nicole Pakiz*
NICOLE PAKIZ (0096242)
Assistant United States Attorney